IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIFFANEY BRITTON,**           Case No. 5:15 CV 325

    Plaintiff,

    v.                              Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                     MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff Tiffaney Britton filed this action for judicial review of the administrative denial of benefits. On September 14, 2015, the Court issued an Order on Parties' Stipulation to Remand reversing the decision of the Commissioner and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Plaintiff then filed the pending Motion for Attorney Fees seeking $3,300.47 in fees. (Doc. 22). Defendant filed a response stating the Commissioner would not file objections to Plaintiff's Motion. (Doc. 23). For the reasons discussed below, the Court grants Plaintiff's Motion.

### DISCUSSION

The Equal Access to Justice Act ("EAJA") directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the government's position was not "substantially justified." 5 U.S.C. § 504(a)(1). Because the Court issued a sentence-four remand, Plaintiff is a "prevailing party" eligible for attorney's fees. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).

The government's position is "substantially justified" if it had a "reasonable basis both in law and fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988). Defendant has the burden of establishing that her position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). "The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). To defeat a request for attorney's fees under the EAJA both the underlying agency position and the litigation position must be "substantially justified". 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994).

Here, Plaintiff argues Defendant's position was not substantially justified. Defendant has the burden of proving its position was substantially justified; it has not met its burden because it did not object to Plaintiff's motion. (Doc. 23). Defendant also stipulated to the sentence-four remand of this case to the agency. (Doc. 21). Thus, the sole issue is whether a fee above the statutory maximum is warranted in this case.

Plaintiff requests a fee in excess of the $125 statutory hourly maximum based on counsel's affidavit, itemized statement of work performed, resume, Bureau of Labor Statistics Consumer Price Index ("CPI") Midwest Urban, *The Economics of Law Practice in Ohio* - Desk Reference for 2010, and affidavits of attorneys Paula Goodwin and Louise Mosher attesting to counsel's experience. (Doc. 22, at 6); § 504(b)(ii).

The Act allows for increases if the court "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving an increase is necessary and producing evidence in support of that request. *Bryant v. Comm'r of*

2

*Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Sufficient satisfactory evidence can be rates that are in line with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 449-50 (quoting *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). When reviewing applications for increased fees courts are to "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

Here, Plaintiff requests $184.90 an hour for 17.85 hours of work—totaling $3,300.47. (Doc. 22, at 6 at n.1).[1] She reaches this hourly rate based on a calculation utilizing the Midwest Urban CPI; the requested rate is also consistent with rates in the Ohio State Bar Association's above-mentioned Desk Reference. (Doc. 22-5).

Attorney Margolius attests she has practiced mostly social security law for approximately 30 years and has been involved in a number of leadership positions in the social security disability field. (Doc. 22-1). Her fee agreement is for 25% of past-due benefits in social security cases, and while her hourly rate for 2012 and 2013 was $350 in non-contingent disability related cases, she has often requested a rate of $125 per hour in EAJA applications. *Id.* She has been awarded $350 and $400 per hour in the past. *Id.*

Attorney Goodwin works mainly for a 25% contingency fee, has in the past been awarded hourly fees of $350, and believes Plaintiff's counsel has the experience and expertise to warrant $350 per hour as a reasonable fee. (Doc. 22-6). Attorney Mosher attests she charges an hourly fee of $350. (Doc. 22-7). Both attorneys have over 30 years of experience and were

---

1. Plaintiff's counsel utilizes March 1996 as the starting date of her calculation when Congress raised the EAJA cap to $125. The "Midwest Urban" CPI index for March 1996 was 151.7. Utilizing the same CPI, the index for 2015 (averaged from January through October) was 224.379. An hourly rate of $184.90 is figured as follows: 151.7 is to 224.379 as $125 is to x, resulting in x equaling $184.90. Applying this rate to services performed results in a fee of $3,300.47. (Doc. 22, 6 at n.1).

admitted to practice before this Court and, thus, are comparable to Plaintiff's counsel. (Doc. 22-6, 22-7).

The Court finds that Attorney Goodwin's affidavit does not support an increase in fees because she bases her conclusions on reasonableness, not actual prevailing rates as required to support an increase. (Doc. 22-6); *Bryant*, 578 F.3d at 450. As to Attorney Mosher's affidavit, although, it does not specifically state the hourly fee for social security cases, the affidavit makes it clear $350 is her hourly rate. (Doc. 22-7). This affidavit lends support to Plaintiff's claim because it is representative of the prevailing rate for attorneys of like specialty and experience. *Id*. Here, the relevant affidavit, the CPI information—which on its own would be insufficient—*Gay v. Comm'r of Soc. Sec.,* 2013 WL 1316130 at *4 (6th Cir. 2013), and the fact that the Commissioner has not challenged Plaintiff's request, are enough to justify a higher fee. Based on the evidence provided and the utilization of reasonable reference tools, the Court grants Plaintiff's request to increase the hourly amount to $184.90. *See Vasquez v. Astrue*, 2012 WL 3637676 (N.D. Ohio), *Rodriguez v. Astrue*, 2012 WL 2905928 (N.D. Ohio).

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $3,300.47, representing a rate of $184.90 per hour for a total of 17.85 hours.

IT IS SO ORDERED.

                                                       s/James R. Knepp, II
                                                       United States Magistrate Judge