UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIFFANEY BRITTON**,                             Case No. 5:15 CV 325

    Plaintiff,

    v.                                                        Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.                                            MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Marcia Margolius, counsel for Plaintiff, has moved for approval of payment of her attorney's fees, in the amount of $5,547.50, pursuant to 42 U.S.C. § 406(b)(1). (Doc. 25). The Commissioner responded, stating she had no objection to the amount sought. (Doc. 26). For the reasons discussed below, the Court grants the Motion.

## DISCUSSION

Under 42 U.S.C. § 406(b)(1), the Court may allow payment of a reasonable attorney fee, not to exceed 25 percent of the total past-due benefits to which the Plaintiff is entitled. Plaintiff signed a contract with counsel which entitled counsel to 25 percent of the past-due benefits. (Doc. 25-2). Within the 25 percent boundary, the attorney for a successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). The statutory percentage of 25 percent is a benchmark in determining whether the fees requested are reasonable. *See Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). If a contingency agreement "states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable

presumption." *Rodriguez*, 865 F.2d at 746. Deductions for large fees are permissible in two situations: 1) misconduct or ineffectiveness of counsel; or 2) where counsel would otherwise enjoy a windfall because of either an inordinately large benefit award, or minimal effort expended. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. While counsel is not required to seek less than the 25 percent contingency fee, a discounted fee is relevant to the reasonableness determination. *See, e.g.*, *Willis v. Comm'r of Soc. Sec.*, 2014 WL 2589259, at *5 (S.D. Ohio) (collecting cases); *Lowery v. Comm'r of Soc. Sec.* 940 F. Supp. 2d 689, 692 (S.D. Ohio 2013).

Here, Plaintiff was awarded past benefits dating back to May 2014. *See* Doc. 25-1. The Commissioner withheld $9,465.75 of the past benefits for use as an attorney fee. *Id.* at 2. Plaintiff's counsel requests $5,547.50, or 15.85 hours compensated at $350 per hour (Doc. 25, at 1-2), and has provided time sheets documenting the time spent on Plaintiff's case (Doc. 25-3). This Court and others in this district have found an hourly rate of $350 to be reasonable and not excessive. *See, e.g., Mays v. Comm'r of Soc. Sec.*, 2016 WL 4564961 (N.D. Ohio); *Williams v. Comm'r of Soc. Sec.*, 2015 WL 1505700 (N.D. Ohio); *Koporwski v. Comm'r of Soc. Sec.*, 2013 WL 29804 (N.D. Ohio); *Brown v. Comm'r of Soc. Sec.,* 2012 WL 6682112 (N.D. Ohio); *Godfrey v. Astrue*, 2012 WL 3715883 (N.D. Ohio). The Court also notes counsel here requests fees in the amount of $5,547.50, which is less than 60 percent of the $9,465.75 representing 25 percent of the past due benefits. Moreover, the Commissioner did not oppose Plaintiff's request. *See* Doc. 26. In light of the above, undersigned therefore finds the requested fee amount to be reasonable.

## Conclusion

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $5,547.50 (Doc. 25). Because counsel previously received attorney fees in the amount of $3,300.47 under the Equal Access to Justice Act (Doc. 24), that amount shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

IT IS SO ORDERED.

s/James R. Knepp II<br>United States Magistrate Judge